UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GIOVANELLI, | :Civ. A. No. 09-1082(NLH)(AMD) |
| | : |
| | : |
| | :  **OPINION** |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| D. SIMMONS GENERAL | : |
| CONTRACTING, APPLIED | : |
| POLYMER-SOLUTIONS PRODUCTS, | : |
| JAMES THOMAS ENTERPRISES, | : |
| | : |
| Defendants/ | : |
| Cross-claimants/ | : |
| Cross-defendants. | : |
| | : |
| APPLIED POLYMER-SOLUTIONS | : |
| PRODUCTS, | : |
| Third-Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| JAMES THOMAS ENTERPRISES, | : |
| | : |
| Third-Party Defendant. | : |

**APPEARANCES:**
MICHAEL W. KRUTMAN
KRUTMAN & EUSTACE, PC
2525 NOTTINGHAM WAY
HAMILTON, NJ 08619
     *On behalf of plaintiff*

STEPHEN MICHAEL MCMANUS
MCCORMICK & PRIORE
103 CARNEGIE CENTER
SUITE 203
PRINCETON, NJ 08540
     *On behalf of James Thomas Enterprises*

**HILLMAN, District Judge**

     This matter has come before the Court on defendant James

Thomas Enterprises' motion to dismiss plaintiff's claims against

it based on plaintiff's failure to file suit within the applicable the statute of limitations.  For the reasons expressed below, defendant's motion will be granted.

<u>**BACKGROUND**</u>

On March 8, 2007, plaintiff, Robert Giovanelli, claims that he and a coworker attempted to move a bathroom cabinet that was part of the remodeling work being performed by defendants at his place of employment, Trane Corporation, in Trenton, New Jersey. Plaintiff contends that unbeknownst to him or his coworker, defendants had loaded up the cabinet with their heavy tools. When he tried to lift the cabinet laden down with the tools, it fell onto him, causing him personal injuries, including "right comminuted tibial plateau fracture (medial and midline), subluxation of the patella of the right knee, open reduction and internal fixation of the right tibial plateau fracture, chronic post-traumatic chondromalacia patella to the right knee, peroneal nerve and tibial nerve neuropathy to the right lower extremity, positive EMG/NCV, and fracture of the right femur."  (Sec. Amended Compl. ¶ 12.)

On March 9, 2009, plaintiff filed suit against D. Simmons General Contracting and Applied Polymer-Solutions Products, averring jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship between the parties.  After a *sua sponte* review of plaintiff's complaint on March 13, 2009, the Court issued an

Order directing plaintiff to file within 10 days an amended complaint to properly plead the citizenship of the parties--plaintiff had failed to plead his citizenship or include the state of incorporation for the corporate defendants--or else his complaint would be dismissed for lack of subject matter jurisdiction.  On March 16, 2009, plaintiff cured these defincencies by filing an amended complaint.

On May 4, 2009, defendant Applied Polymer filed its answer to plaintiff's complaint, and also filed a cross-claim against defendant D. Simmons General Contracting and a third-party complaint against James Thomas Enterprises (hereinafter "JTE"). On May 29, 2009, plaintiff filed a second amended complaint, adding JTE as a new defendant and asserting claims against it.

JTE now moves to dismiss plaintiff's claims against it for plaintiff's failure to comply with the two-year statute of limitations applicable to personal injury actions.[1]  Plaintiff has opposed JTE's motion.

---

[1]JTE also moves to dismiss plaintiff's claims because he did not seek leave of court to file a second amended complaint.  See Fed. R. Civ. P. 15(a) (providing that a party may amend its pleading once as a matter of course prior to being served with a responsive pleading, but that in all other cases, the party must obtain the opposing party's consent or leave of court).  The Court does not need to address this argument because the statute of limitations issue is dispositive.

**DISCUSSION**

**A.   Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**B.   Analysis**

Plaintiff does not dispute that his claims are subject to a two-year statute of limitations period, see N.J.S.A. 2A:14-2, or that the two-year period expired on March 9, 2009, or that he did not file his claims against JTE until May 29, 2009.  Plaintiff argues, however, that his claims against JTE should not be dismissed because court rules permit his claims, and because he did not discover JTE's potential liability until May 4, 2009, when Applied Polymer filed its third-party complaint against JTE. JTE argues that none of plaintiff's arguments have merit.[2]

As an initial matter, defendant repeatedly comments that

---

[2]Because the statute of limitations issue is apparent on the face of plaintiff's complaint, the Court may properly consider the statute of limitations defense in a Rule 12(b)(6) motion. Zankel v. Temple University, 245 Fed. Appx. 196, 198 (3d Cir. 2007) (citing Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)) ("Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called 'Third Circuit Rule' allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion 'if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'").

plaintiff filed his case on the last day prior to the running of the statute of limitations.  This, by itself, does not speak to the validity of a plaintiff's claims, as there are many reasons why a case is not filed earlier within the two-year window. Whether his case was filed the day he was injured, or exactly two years later, his claim is still viable.  The caveat to this, however, is that if a plaintiff files on the last day of his limitations period, he must either name all the appropriate defendants or follow the rules which allow him to file his claim tardily against a newly-discovered defendant not named in the original complaint.  Here, plaintiff did not properly avail himself of those rules.

In its motion to dismiss, JTE anticipates--and argues against--several bases on which plaintiff could rely to save his claims.  They include Fed. R. Civ. P. 14(a), which governs third-party practice, and Fed. R. Civ. P. 15(c), N.J. R. 4:9-3, and N.J. R. 4:26-4, which govern the relation-back doctrine and the fictitious party rule.  In his opposition, plaintiff only argues that the third-party practice rules and the relation back doctrine save his claims.[3]  Accordingly, the Court will only

_____

[3]Plaintiff does not argue that the fictitious party rule saves his claims against JTE.  Indeed, he cannot.  Under the fictitious party rule, the statute of limitations may be tolled if the plaintiff invokes the rule before the expiration of the limitations period.  DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing N.J.S.A. 2A:14-2 and N.J. R. 4:26-4).  New Jersey Civil Procedure Rule 4:26-4 permits a plaintiff to amend his complaint to identify the proper party, as

address those two bases.

Pursuant to Fed. R. Civ. P. 14(a)(3), a "plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Plaintiff argues that because he filed his amended complaint asserting claims against JTE that arose out of his claims against the other defendants--namely, the injuries resulting from lifting a heavy, tool-filled bathroom cabinet--Rule 14(a)(3) permits his claims against JTE.[4]

As argued by JTE, this premise is unavailing. Rule 14(a) is only available to a plaintiff if he is asserting his claim against the third-party defendant prior to the running of the

_____

long as a John Doe fictitious designation was included for that specific category of defendant. See Yarchak v. Trek Bicycle Corp., 208 F. Supp. 2d 470, 489 (D.N.J. 2002) (citing Mancuso v. Neckles, 747 A.2d 255, 261 n.1 (N.J. 2000) and discussing N.J. R. 4:26-4) ("[T]he fictitious party rule permits a plaintiff to preserve a claim against as yet unidentified potential defendants who may have contributed to plaintiff's injuries."). None of plaintiff's three complaints pleads a John Doe defendant.

[4]Although he briefly cites to the federal rule, plaintiff primarily relies upon N.J. R. 4:8-1(b), which provides, "The plaintiff, within 45 days after being served with the third-party complaint, or, if the defendant has sought leave, within 45 days after being served with the order granting such leave, may amend the complaint to assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third-party." This New Jersey state court rule is not applicable in this Court. Nonetheless, it substantially mirrors the federal rule, and, therefore, plaintiff's reliance upon it is not dispositive to the validity of his argument.

statute of limitations.  <u>Walls v. County of Camden</u>, 2008 WL 4934052, *3 (D.N.J. 2008) (citing cases) (stating that "Rule 14(a) cannot be used to resuscitate a claim that is barred by the statute of limitations"); <u>cf.</u> <u>id.</u> at *4 (discussing <u>McGlone v. Corbi</u>, 59 N.J. 86, 96-97, 279 A.2d 812 (1971) and N.J. R. 4:9-3, comment 3, and explaining that a "plaintiff may file an amended complaint to add a direct claim against a third party defendant, after the statutory period has run, only if the original defendant joined the third party defendant within the statutory period for plaintiff's original claim").  In this case, JTE did not become involved until two months after the running of the statute of limitations.  Thus, Rule 14(a) does not allow plaintiff to maintain his claims against JTE.

With regard to the relation back doctrine, Fed. R. Civ. P. 15(c)(1) governs whether an amendment can "relate back" to the filing date of the original complaint.  Rule 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading in three instances:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading;[5] or

---

[5]Rule 15(c)(1)(B) is inapplicable here because it only applies to amendments related to a current party, and not to a newly-added party.  As discussed below, the addition of claims

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Similarly, N.J. R. 4:9-3 provides,

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

Plaintiff argues that these relation back principles save his claims against JTE.  He argues that his claims against JTE

---

against a new party, and whether those new claims relate back to the complaint's original filing date, is governed by Rule 15(c)(1)(C).

arise out the claims asserted against the other defendants, and JTE would not suffer any prejudice.  Even taking as true these two points, plaintiff has failed to meet the other elements of the rules.[6]

First, plaintiff is required to demonstrate that prior to the running of the statute of limitations period (for the New Jersey rule), or within 120 days of the filing of his complaint (for the federal rule), JTE received notice of the action.  It is clear that JTE did not receive notice prior to the running of the statute of limitations.  It did, however, receive notice of the action within 120 day of plaintiff's first complaint.  See Arroyo v. Pleasant Garden Apartments, 14 F. Supp. 2d 696, 700 (D.N.J. 1998) (discussing the difference between the federal rule and the state rule: New Jersey Court Rule 4:9-3 does not allow a plaintiff to add a new defendant to the complaint unless that

---

[6]JTE contests that it will suffer no prejudice if plaintiff's claims are permitted to proceed.  As discussed herein, although the Court finds that plaintiff's failure to file suit against JTE within the statute of limitations period is not a mistake, the Court also finds that plaintiff has not met his burden of demonstrating lack of prejudice to JTE.  It is plaintiff's burden to show that JTE will not be prejudiced, see Arroyo v. Pleasant Garden Apartments, 14 F. Supp. 2d 696, 700 (D.N.J. 1998), and plaintiff simply states that JTE "will suffer no prejudice if it has to defend on the merits" because "no prejudice [was] mentioned in the moving papers."  (Pl. Opp. at 5.)  "There cannot be any doubt that a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run."  Mears v. Sandoz Pharmaceuticals, Inc., 693 A.2d 558, 562-63 (N.J. Super. Ct. App. Div. 1997) (citations omitted)).

defendant received either actual or constructive notice of the law suit before the statute of limitations period expired, but that under the more liberal Federal Civil Procedure Rule 15(c)(1), a plaintiff has a window of 120 days from the filing of the original complaint during which the defendant must receive notice).  Thus, plaintiff's complaint cannot be saved under Rule 15(c)(1)(A).

The fact that JTE received notice of plaintiff's case within 120 days of when he first filed it does not end the inquiry into Rule 15(c)(1)(C), however.  Plaintiff must also prove that JTE knew or should have known that the action would have been brought against it, but for a mistake concerning its identity.  Even though not specifically articulated by plaintiff, it appears that he contends that his "mistake" was not finding out that Applied Polymer sub-contracted the work to JTE until after Applied Polymer filed its third-party complaint against JTE.[7]  This

---

[7]Plaintiff correctly does not argue that the "discovery rule" saves his claim.  Under New Jersey law, tolling the statute of limitations "may be applicable when 'injured parties reasonably are unaware that they have been injured, or, although aware of an injury, do not know that the injury is attributable to the fault of another.'"  Maldonado v. Leeds, 865 A.2d 741 (N.J. Super. App. Div. 2005) (citing Baird v. Am. Med. Optics, 713 A.2d 1019 (N.J. 1998)); see also Savage v. Old Bridge-Sayreville Medical Group, P.A., 633 A.2d 514, 518 (N.J. 1993) (stating that knowledge of fault for purposes of the discovery rule requires "only the awareness of facts that would alert a reasonable person exercising ordinary diligence that a third party's conduct may have caused or contributed to the cause of the injury and that conduct itself might possibly have been unreasonable or lacking in due care.").

argument is unavailing.

The Third Circuit has pointed out that "statutes of limitations ensure that defendants are protected against the prejudice of having to defend against stale claims, as well as the notion that, at some point, claims should be laid to rest so that security and stability can be restored to human affairs." Nelson v. County of Allegheny, 60 F.3d 1010, 1014 (3d Cir. 1995) (citation and quotations omitted).  "In order to preserve this protection, the relation-back rule requires plaintiffs to show that the already commenced action sufficiently embraces the amended claims so that defendants are not unfairly prejudiced by these late-coming plaintiffs and that plaintiffs have not slept on their rights."  Id.

More specifically, it is not a "mistake" when a plaintiff is aware of his injury, but fails to use the time provided by the statute of limitations to investigate his claim to identify the proper parties purportedly responsible for his injuries.  Id. at 1015 (finding that it was not a mistake to name a defendant where the plaintiffs had "ample time--the time dictated by the relevant statute . . . --in which to file their claims," but they failed to add their names to the complaint until after expiration of the statute of limitations).  "Although the relation-back rule ameliorates the effect of statutes of limitations, it does not save the claims of complainants who have sat on their rights."

Id.

The Third Circuit has held that a plaintiff's lack of
knowledge of a particular defendant's identity can be a mistake
under Rule (15)(c)(1)(C). See Singletary v. Pennsylvania Dept.
of Corrections, 266 F.3d 186, 201 (3d Cir. 2001) (discussing
Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir.
1977)). In such cases, however, the plaintiff has pleaded
"unknown defendants" or "John Doe" defendants, which indicates an
intention to preserve claims against yet-to-be identified
potential defendants who may have contributed to plaintiff's
injuries. See id. As noted above, in his three complaints,
plaintiff never included a fictitious party designation, which
evidences a confidence that he filed suit against the proper
parties rather than considering the possibility he was making a
"mistake" as to the identity of his alleged tortfeasors.
Furthermore, even if plaintiff did include a "John Doe" party, he
must have provided a description sufficient for identification.
Not providing a sufficient description would "completely
eviscerate the statute of limitations." Slater v. Skyhawk
Transp., Inc., 187 F.R.D. 185, 198 (D.N.J. 1999) (citations
omitted) (explaining that without such a rule, a "plaintiff could
file a complaint on the last day before the statute of
limitations would run alleging merely that he was injured in a
particular situation and that 'John Doe(s) were negligent and

responsible for plaintiff's loss.' He later could amend to include both defendants' names and the bases of responsibility"). Additionally, plaintiff must have provide evidence of due diligence in ascertaining the proper defendants. "If a plaintiff did not use diligence, and a court still permitted him or her to amend his or her original complaint to name a previously unknown defendant, it would not only fail to penalize delay on the plaintiff's part, but would also disregard considerations of essential fairness to the defendant, thereby violating the purpose behind the statute of limitations." Mears v. Sandoz Pharmaceuticals, Inc., 693 A.2d 558, 562-63 (N.J. Super. Ct. App. Div. 1997) ((internal quotations and citations omitted)). Plaintiff failed to follow any of these procedures.

Finally, plaintiff asks that not only should he be allowed to maintain his complaint against JTE as if he timely filed it, but that he should have the benefit of discovery with JTE to determine if JTE did indeed cause his injuries. Discovery, however, cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded. See Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007).

## CONCLUSION

"[T]he principle of repose inherent in the statute of limitations is necessarily diluted when an action is instituted

13

beyond the statutory period after the defendant's actionable conduct." Fox v. Passaic General Hospital, 363 A.2d 341, 344 (N.J. 1976).  In this case, no court rule can serve to override this principle.  Consequently, plaintiff's claims against James Thomas Enterprises must be dismissed.  An appropriate Order will be entered.


Date: March 15, 2010                    s/ Noel L. Hillman

At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

14